IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOS
- - - - - - - -

| | |
|---|---|
| PIPP MOBILE STORAGE SYSTEMS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INNOVATIVE GROWERS EQUIPMENT, INC. )<br>)<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 21-cv-02104<br><br>COMPLAINT and JURY DEMAND |

## COMPLAINT

Pipp Mobile Storage Systems, Inc. alleges as follows against Defendant Innovative Growers Equipment, Inc. The allegations herein are made based upon personal knowledge as to Pipp Mobile Storage Systems, Inc. with respect to its own actions, and upon information and belief as to all other matters.

## THE PARTIES

1. Pipp Mobile Storage Systems, Inc. is a corporation organized and existing under the laws of the State of Delaware, registered to do business in the State of Michigan with a place of business at 2966 Wilson Drive NW, Walker, MI 494534, and is doing business in this District (hereinafter "PIPP" or "Plaintiff").

2. Defendant Innovative Growers Equipment, Inc. is a corporation organized and existing under the laws of the State of Illinois, with a registered office at 250 S. Melrose Avenue, Elgin, IL 60123, and with a place of business at 421 North California Street, Building 6, Sycamore, IL 60178 (hereinafter "IGE" or "Defendant").

3. Defendant is doing business within the State of Illinois and within the Northern District of Illinois, and is engaged in continuous and systematic business within the Northern District of Illinois, including directly and/or by the placing of products into the stream of commerce from or targeting the State of Illinois, and conducts and solicits business within this district, including the commission of acts of infringement as hereinafter stated.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§1 et seq.

5. This Court has jurisdiction in this action under 28 U.S.C. §§1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

## BACKGROUND ALLEGATIONS

6. On October 20, 2020 United States Patent No. 10,806,099 was duly and legally issued to Pipp's predecessor in interest for an invention entitled "System and Method for Providing Carbon Dioxide and Circulating Air for a Vertical Gardening System." A true and correct copy of United States Patent No. 10,806,099 is attached hereto as Exhibit 1 (hereinafter "the '099 Patent"). As reflected on the face of Exhibit 1, the '099 Patent issued from application Serial No. 16/112,077, filed August 24, 2018.

7. On February 28, 2019, the originally filed application Serial No. 16/112,077 was published as Patent Application Publication 2019/0059242. A true and correct copy of United States Patent Application Publication 2019/0059242 is attached hereto as Exhibit 2 (hereinafter "the Published Application").

8. Pipp is the owner, by valid assignment, of all right, title, and interest in and to the '099 Patent, including the right to seek remedies and relief for infringement thereof.

9. Pipp acquired the air flow system business from its predecessor in interest, Vertical Air Solutions LLC. (Vertical Air). Vertical Air manufactured and sold air flow systems that practiced the patented technology of the '099 Patent, and in particular systems that targeted the distribution of air for horticultural growing systems. For example, Vertical Air marketed its patented air flow systems, such as the system shown below, through its website at https://vertairsolutions.com/resources/:



and on the home page of its website at https://vertairsolutions.com/ as shown below:



Pipp continues to manufacture and sell air flow distribution assemblies that include the patented technology of the '099 Patent, including for example, sales of systems through its acquired website https://vertairsolutions.com/ and its website https://pipphorticulture.com/, which displays its patented systems such as the VAS system shown below at https://pipphorticulture.com/gallery/:

3



10. Defendant has marketed, imported, used, offered for sale and sold, and continues to import, use, offer for sale, and sell, air flow systems, and components for air flow systems as disclosed in Exhibits 3, 4, 5, 6, 7 and 8 attached hereto. Exhibit 3 is a webpage from Defendant's website distributed by Defendant to market and offer for sale Defendant's airflow systems, including airflow systems as appear in the following drawings and photograph of Defendant's systems appearing on Defendant's Exhibit 3 webpage:





11. Exhibit 4 is a copy of photograph that Defendant has used in its marketing materials and published on Defendant's website. Exhibit 5 is a set of engineering drawings that Defendant has used in its marketing materials and published on Defendant's website regarding

5

Defendant's air flow systems, including the drawing depicted below:



Exhibit 6 is another engineering drawing that Defendant has used in its marketing materials and published on Defendant's website regarding Defendant's air flow systems.

12. Exhibit 7 are screenshots of the internet archive site "Wayback Machine," which stores screen captures of websites which appear on the internet on various identified dates. Exhibit 6 are screen shots of Defendant's website appearing at https://innovativegrowersequipment.com/air-flow-systems/ captured on November 29, 2020, after issuance of the '099 Patent:









13. Exhibit 8 is an excerpt from a brochure distributed by Defendant and used to market and induce potential customers to purchase and install air flow systems of Defendant.

7

14. Defendant's air flow systems, including as disclosed in Exhibits 3-8 and as depicted and annotated in the photograph and drawing below, include a housing having an air inlet portion, an elongated duct fluidly coupled to an outlet portion of the housing, and a plurality of openings defined on a lower surface of the duct. The elongated duct is positioned upon and extends along a rack, and the housing is directly secured to the duct. Air passing through the air inlet portion is received into the housing in a downward direction and the air passing through the outlet portion is received into the elongated duct in a horizontal direction.




15. Defendant has constructive and/or actual knowledge of the '099 Patent. In addition, the filing and Notice of this action and the Complaint in this action provide actual notice to Defendant of the '099 Patent. Defendant thus has notice of the '099 Patent.

16. On or about December 6, 2019, Plaintiff's predecessor in interest provided Notice to Defendant of United States Patent Application Publication 2019/0059242 (Exhibit 2), by way of Notice letter from counsel for Plaintiff's predecessor in interest, a copy of which is attached as

Exhibit 9. The Notice letter of Exhibit 9 therefore provided Notice of the underlying patent application Serial No. 16/112,077 which formed the basis for Patent Application Publication 2019/0059242, which application Serial No. 16/112,077 is displayed on the face of Patent Application Publication 2019/0059242.

17. On or about December 23, 2019, attorneys for Defendant responded to the December 6, 2019 Notice letter, including therein reference to Patent Application Publication 2019/0059242. A copy of the response by Defendant's counsel is attached as Exhibit 10. With regard to Patent Application Publication 2019/0059242, Defendant's attorney stated: "With respect to the '242 application, VAS already made substantial amendments resulting in markedly different legal claim scope than the published '242 claims." (Exhibit 10, page 2.) The response by Defendant's counsel establishes that at least by December 23, 2019, Defendant had notice of the pending patent application which subsequently issued as the '099 Patent, but in addition Defendant had Notice at least through its counsel as to the prosecution file history for application Serial No. 16/112,077 and the ongoing prosecution of that application which would lead to allowance and issuance of the '099 Patent.

18. On or about March 9, 2021, counsel for Plaintiff again corresponded with attorneys for Defendant and demanded Defendant cease and desist infringement of the '099 Patent, and provide an accounting in order to assess the extent of damages. A copy of the March 9, 2021 Notice to Defendant's attorney is attached as Exhibit 11. Although Defendant's attorney responded with allegations of non-infringement, Defendant and its attorney did not represent that Defendant had changed all of its systems to no longer be installed so as to infringe the '099 Patent, that Defendant would not in the future market or make, use, offer for sale or sell air flow

systems structured as shown in Exhibits 3-8, and/or provide an accounting to address the amount of damages due Plaintiff.

19. An actual and justiciable controversy exists between PIPP and Defendant concerning whether the actions of Defendant infringe, induce infringement of and/or contributorily infringe the asserted patent in suit, namely the '099 Patent.

## COUNT I
### Infringement of United States Patent No. 10,806,099

20. Plaintiff incorporates and reasserts paragraphs 1-19 herein by reference.

21. The '099 remains valid, enforceable, and unexpired.

22. Claim 25 of the '099 patent recites:

> Claim 25: A flow distribution assembly, comprising:
>
> a housing having an air inlet portion; and
>
> an elongated duct fluidly coupled to an outlet portion of the housing and having a plurality of openings defined on a lower surface of the elongated duct, wherein the elongated duct extends from the housing and where the elongated duct is configured to be positioned upon and extend along a rack and where the housing is directly secured to the elongated duct, wherein air passing through the air inlet portion is received into the housing in a downward direction and the air passing through the outlet portion is received into the elongated duct in a horizontal direction.

23. Defendant has infringed and is infringing United States Patent No. 10,806,099 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating and embodying the patented invention of the '099 Patent, including air flow systems, such products including by way of example and without limitation, the air flow systems depicted in Exhibits 3-8. Defendant has engaged in acts of direct infringement by itself and through agents acting in combination, assembling air flow systems that embody the patented assembly covered by at least claim 25 of the '099 patent, including, but not limited to, manufacturing, using, offering for sale and selling air flow systems meeting all of the

10

requirements of claim 25 as disclosed in Exhibits 3-8. Air flow systems of Defendants as disclosed in Exhibits 3-8 meet all of the requirements of claim 25, on their own and also when assembled on a rack as disclosed in Exhibits 3-8.

24. Use by third party customers of Defendant of Defendant's air flow systems have directly infringed and do directly infringe claims of the '099 Patent.

25. Defendant, with knowledge, reckless disregard and/or willful blindness amounting to knowledge of the infringement by the aforesaid products of the '099 Patent, is offering to sell, and has provided, its air flow systems to third parties for use in infringing claims of the '099 Patent, such third parties including for example and without limitation, customers of Defendant. Use by third parties of the aforesaid air flow systems obtained from or through Defendant directly infringes the '099 Patent and Defendant's continued activities after knowledge constitute inducement of infringement by Defendant of United States Letters Patent No. 10,806,099.

26. At the very least, based on the December 6, 2019, cease and desist letter of Plaintiff's predecessor in interest, and Defendant's response on December 23, 2019, Defendant's likely knowledge of Plaintiffs' patent portfolios in general, its knowledge that Plaintiffs are direct competitors in the market regarding air flow systems, and its information/instructions and products provided that promote direct infringement by customers and users, Defendant believed that there was a high probability that its acts, if taken, would result in direct infringement of the '099 patent by its customers, yet deliberately avoided confirming that belief. At the very least, Defendant willfully blinded itself to the existence of the '099 patent, and therefore willfully blinded itself to customers' direct infringement of the '099 patent resulting from the customers' use of Defendant's air flow systems.

11

27. Defendant knew of the likely issuance of the '099 patent, acted despite an objectively high likelihood that its actions constituted infringement of a valid patent when issued, knew or should have known of this likelihood, and ignored and/or disregarded that its actions constituted infringement of a valid and enforceable patent.

28. Defendant's actions have been and are an infringement of the '099 patent in violation of 35 USC § 271, *et seq*., of the Patent Statute.

29. To the extent that Defendant shipped the component parts of air flow systems as shown in Exhibits 3-8 to a location or locations outside of the United States for assembly into a complete air flow system as shown in exemplary form in Exhibits 3-8, such acts are and have been an infringement of the '099 Patent in further violation of 35 USC § 271(f) of the Patent Statute.

30. Defendant's infringement and inducement of infringement is willful.

31. Despite any statement to the contrary, Defendant will continue to infringe and induce the infringement of the '099 Patent unless enjoined by this Court.

32. Defendant's infringement and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

33. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendant.

34. Plaintiff has been damaged by past activities of Defendant, and is entitled to damages for past infringement and inducement of infringement.

35. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants are infringing, contributorily infringing, and inducing infringement of the '099 Patent.

WHEREFORE, Plaintiff Pipp Mobile Storage Systems, Inc. demands that judgment be entered in its favor against Defendant, as follows:

A. Entering an order determining and/or declaring that Defendant infringes and induces infringement of the '099 Patent.

B. Permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with them, and each of them, from further manufacture, importation, sale, offer for sale, and/or use of an apparatus which infringes or induces infringement of the '099 Patent.

C. Permanently enjoining Defendant, their officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with it, and each of them, from further acts of infringement of the '099 Patent.

D. Ordering an accounting.

E. Awarding damages adequate to compensate Plaintiff for Defendant's infringement and inducement of infringement of the '099 Patent.

F. Increasing the damages up to three times the amount found or assessed for Defendant's willful acts of infringement.

G. Awarding prejudgment interest and costs.

H. Finding this to be an exceptional case and awarding reasonable attorney's fees to Plaintiff.

I. Such other and further relief as is necessary and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury in this action.

Dated: April 19, 2021

/s/ *Gregory P. Casimer*
Gregory P. Casimer
IARDC # 6257750
Thorelli & Associates
Three First National Plaza
70 West Madison Street, Suite 5750
Chicago, Illinois 60602
(312) 357-0300
greg@thorelli.com
Attorneys for Plaintiff Pipp Mobile
 Storage Systems, Inc.

**Of Counsel:**
Terence J. Linn
Karl Ondersma
Bryce Whitworth
Gardner, Linn, Burkhart & Ondersma LLP
2900 Charlevoix Drive SE, Suite 300
Grand Rapids, Michigan 49546
(616) 975-5500
linn@gardner-linn.com
ondersma@gardner-linn.com
whitworth@gardner-linn.com
Attorneys for Plaintiff Pipp Mobile
 Storage Systems, Inc.