N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Pipp Mobile Storage Systems, Inc. | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No.: 1:21-cv-2104 |
| | ) | Judge: Sara L. Ellis |
| Innovative Growers Equipment, Inc. | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

**INNOVATIVE GROWERS EQUIPMENT, INC.'S PARTIAL MOTION TO DISMISS CLAIMS FOR PAST DAMAGES FOR NON-COMPLIANCE WITH 35 U.S.C. § 287**

Defendant Innovative Growers Equipment, Inc. ("IGE"), by and through its attorneys, moves to dismiss Pipp Mobile Storage Systems, Inc.'s ("Pipp") claims for past damages, pursuant to Federal Rule 12(b)(6) and 35 U.S.C. § 287. In support of its motion, IGE states as follows:

**INTRODUCTION**

The Court should dismiss with prejudice Pipp's claim for patent damages from the period prior to March 9, 2021 (hereinafter "Past Damages") because it fails to plead compliance with 35 U.S.C. § 287(a). This is a patent case in which Pipp alleges IGE infringes United States Patent No. 10,806,099 (the "'099 Patent"), which issued on October 20, 2020. Pipp alleges that IGE was provided "Notice" of the '099 Patent on December 6, 2019 (Compl. ¶ 16), and thereby claims past pre-suit damages from that date forward (*id*. ¶ 24). Even if Pipp's pleadings are accepted as true, it would be "impossible" for the December 6, 2019 letter to state a specific charge of infringement needed to recover past damages under 35 U.S.C. § 287(a) because the '099 Patent had not yet issued at the time of the letter. Accordingly, the Court should dismiss Pipp's claim for Past Damages with prejudice and find that March 9, 2021 is the earliest date from which Pipp can

38654307.3

recover damages since that is the date that Pipp requested that IGE cease and desist from infringing the then-issued '099 Patent.

## BACKGROUND

Pipp pleads the following sequence of events in its Complaint:

- December 6, 2019 – Pipp alleges that its predecessor-in-interest sent IGE a letter notifying it of U.S. Patent Application Publication No. 2019/0059242. Compl. ¶ 16, Ex. 9 (Hereinafter, the "December 2019 correspondence").

- December 23, 2019 – Pipp alleges that IGE's December 23, 2019 response establishes that IGE had "notice of the pending patent application which subsequently issued as the '099 Patent." *Id.* ¶ 17, Ex. 10.

- October 20, 2020 – Pipp alleges that '099 Patent issued—more than 10 months after the December 2019 correspondence. *Id.* ¶ 6.

- March 9, 2021 – Pipp does not allege any other actions on its part with respect to communications to IGE until March 9, 2021, when it "demanded Defendant cease and desist infringement of the '099 Patent, and provide an accounting in order to assess the extent of damages." Compl. ¶ 18, Ex. 11.

- April 19, 2021 – Pipp filed this patent lawsuit.

The timing of Pipp's allegations can be summarized as follows:



## LEGAL STANDARD

To satisfy minimum pleading requirements, a plaintiff must plead "a short and plain statement of the claim showing that [it] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Blanket

assertions of entitlement to relief do not satisfy Federal Rule of Civil Procedure 12(b)(6), and "[f]actual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Thus, to survive a motion to dismiss, a plaintiff must have pled facts that set forth a "plausible" right to recovery. *Id.* at 556; *Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 511 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949. A plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a legal theory. *Twombly*, 550 U.S. at 556. Further, a court may dismiss a claim pursuant to Rule 12(b)(6) where there is a "dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

On a motion to dismiss, a court may consider documents that are attached to the complaint and documents that are central to the complaint and are referred to in it. *Williamson v. Curran*, 714 F.3d 432, 435-36 (7th Cir. 2013) (citing Fed. R. Civ. P. 10(c)); *see also Davis v. Potter*, 301 F. Supp. 2d 850, 856 (N.D. Ill. 2004) ("The Court may review documents attached to a complaint on a motion to dismiss if they are referred to in the plaintiff's complaint and are central to her claim. ... A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." ) (citations and quotations omitted).

The Federal Circuit has found that where a patentee has not alleged compliance with § 287(a), it has not stated a claim on which relief may be granted, and is subject to a motion to dismiss. *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001); *e-Watch Inc. v.*

38654307.3      3

*Avigilon Corp.*, 2013 WL 5231521, *3 (S.D. Tex. 2013) ("The Federal Circuit . . . specifically allows addressing the 287(a) issue through a motion to dismiss."). Other courts, including this one, have reached the same result. *See, e.g.*, *Jackson v. Intel Corp.*, No. 09 C 2178, 2009 WL 2851742, at *3 (N.D. Ill. Aug. 31, 2009), *dismissed*, 373 F. App'x 45 (Fed. Cir. 2009); *Express Mobile, Inc. v. DreamHost LLC*, No. 1:18-CV-01173-RGA, 2019 WL 2514418, at *2 (D. Del. June 18, 2019).

## ARGUMENT

Pipp cannot recover damages from before March 9, 2021 because it does not—and cannot—allege that it complied with 35 U.S.C. § 287(a). *See* Compl. ¶ 18. In its Complaint, Pipp alleges that both it and its predecessor, Vertical Air Solutions ("VAS"), manufactured and sold products that practiced the '099 patent:

- "Vertical Air manufactured and sold air flow systems that practiced the patented technology of the '099 Patent. . . ." *Id*. ¶ 9.

- "Pipp continues to manufacture and sell air flow distribution assemblies that include the patented technology of the '099 Patent…" *Id.*

Accordingly, the notice requirements of § 287 are triggered. *See Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001) (quoting 35 U.S.C. § 287(a)) ("When a patented article has been produced by a patentee or its licensee, the amount of damages the patentee can recover in an infringement suit is statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer 'notice of infringement.'").

Nowhere in its Complaint, however, does Pipp allege compliance with 35 U.S.C. § 287. This alone is fatal to its claim for Past Damages. *See Express Mobile, Inc.*, 2019 WL 2514418, at *2 ("At the motion to dismiss stage, I am only concerned with the sufficiency of the claims. A claim for past damages requires pleading compliance with the marking statute—even when

compliance is achieved, factually, by doing nothing at all. Thus, as Plaintiff has failed to state a claim for past damages, I will grant Defendants' motions.").

To be sure, the remainder of Pipp's allegations fall far short of stating compliance with any of the § 287 requirements. Namely, Pipp fails to allege that it marked its products with the patent number or otherwise properly notified the public that its products were patented (known as marking) or that it properly provided IGE actual notice of alleged patent infringement. *See Gart*, 254 F.3d at 1345 ("The statute permits either constructive notice, which is accomplished by marking the article with the patent number, or actual notice."). As such, Pipp is barred from recovering Past Damages.

### A. Pipp Does Not Allege It Marks Its Products Pursuant to § 287.

Pipp does not allege that it marks its products or that VAS marked its products pursuant to 35 U.S.C. § 287(a). Thus, the face of the Complaint confirms that Pipp did not provide "constructive notice" through marking pursuant to 35 U.S.C. § 287. *See Express Mobile, Inc.*, 2019 WL 2514418, at *2. Accordingly, Pipp is not entitled to damages from any alleged infringement until and unless it notified IGE of the alleged infringement. *See* 35 U.S.C. § 287(a) ("In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.").

### B. Pipp Does Not Allege It Gave Notice of Infringement of the '099 Patent Until March 9, 2021.

In its Complaint, Pipp alleges pre-patent issuance activity which cannot serve to state a claim for past damages as a matter of law pursuant to 35 U.S.C. § 287.

In paragraph 16 of the Complaint, Pipp alleges notice of a patent <u>application</u>:

      On or about December 6, 2019, Plaintiff's predecessor in interest provided Notice to Defendant of United States **Patent Application** Publication 2019/0059242 (Exhibit 2), by way of Notice letter from counsel for Plaintiff's predecessor in interest, a copy of which is attached as Exhibit 9. The Notice letter of Exhibit 9 therefore provided Notice of the underlying patent application Serial No. 16/112,077 which formed the basis for Patent Application Publication 2019/0059242, which application Serial No. 16/112,077 is displayed on the face of Patent Application Publication 2019/0059242.

Compl. ¶ 16 (emphasis added).

      This pleading cannot satisfy § 287 because actual notice under § 287 must be notice of an <u>issued patent</u>. Notice of a <u>patent application</u> is meaningless.[1] *See Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 900 (N.D. Ill. 2005); *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263, 1266 (Fed. Cir. 1991) ("A patentee does not have any enforceable rights in a patent application until the patent issues."); *Steinthal v. Arlington Sample Book Co.*, 94 F.2d 748, 749 (3d Cir. 1938) ("The so-called 'marking statute' requires more than registration in the Patent Office. Until such time as the manufactured article is marked 'patented' there is no actual notice to the public that the article is protected by the patent laws."); *TecSec, Inc. v. Adobe Inc.*, No. 1:10-CV-115, 2019 WL 1233847, at *2 (E.D. Va. Mar. 14, 2019) ("TecSec's VEIL products were only marked 'patent pending,' which does not satisfy § 287(a)'s burden to mark."); *MacPike v. Am. Honda Motor Co.*, No. CIV. A. 92-30094/LAC, 1993 WL 632261, at *5 (N.D. Fla. Oct. 1, 1993) ("Moreover, section 287 is not satisfied by the marking with the words 'patent pending,' or words

---

[1] This stands to reason since the claims of a patent application can be substantially amended throughout the prosecution history–such as was the case with the '099 Patent claims. Compl. ¶ 17. For example, the claims of the '099 Patent were rejected, withdrawn, and amended throughout the patent application prosecution history. *See, e.g.*, U.S. Patent Application No. 16/112,077 prosecution history communications dated 12/19/18; 2/13/19; 5/7/19; 8/20/19; 10/28/19; 12/12/19; 2/21/20; 8/10/20. A court may take judicial notice of public records, including patents and patent prosecution history. *Andrew Corp. v. Beverly Mfg. Co.*, No. 04 C 6214, 2005 WL 8179072, at *3 (N.D. Ill. June 10, 2005)

of similar effect. The marking must contain the word 'patent' or the abbreviation 'pat.' together with the authorized patent number.").

This Court addressed the § 287 notice issue in *Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 900 (N.D. Ill. 2005), which held that § 287 notification required the existence of an issued patent. In particular, the patent owner in *Civix-DDI* sent a letter to the alleged infringer's predecessor in April 1998, alleging that certain products required a license under the plaintiff's patents. The letter did not identify any of the patents-in-suit. *Id.* Indeed, the patents-in-suit had not yet issued at the time of the April 1998 letter and did not issue until years after plaintiff sent that letter. This fact was fatal to pre-suit damages under § 287 causing this Court to hold: "Because the asserted patents did not exist at the time of that letter, **it is impossible** for that letter to communicate the specific charge of infringement required by the Federal Circuit. *Id.* (emphasis added).

*Civix-DDI* is on all fours with the present case. On December 6, 2019, Pipp's predecessor sent IGE a letter identifying its patent applications. *See* Compl. ¶ 16, Ex. 9. The letter did not identify the '099 Patent, nor could it have because that patent had not yet issued. *See id.* Thus, it was "impossible" for the December 6th letter[2] to have "communicate[d] the specific charge of infringement required by the Federal Circuit." *See Civix*, 387 F. Supp. 2d at 900.

Indeed, the *Civix-DDI* rationale is consistent with the plain language of section § 287(a) that makes clear that "notice" for purposes of recovering pre-suit damages can occur only if "the infringer was notified of the infringement and continued to infringe thereafter." 35 U.S.C. § 287(a).

---

[2] The December 2019 correspondence is deficient under § 287 for other reasons because it does not provide a specific charge of infringement of *any of IGE's products*. *See Amsted* at 187 (holding that because the letter did not specifically accuse the defendant of infringement by a specific accused product, it did not constitute notice under Section 287); *see also Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 498 F. Supp. 2d 718, 728-729 (D. Del. 2007) (finding that a letter which identified a patent and stated that licenses were available, but failed to identify specific products accused of infringement, was not sufficient to comply with Section 287).

Infringement cannot occur before the patent issues. *See, e.g.*, *Rosebud LMS Inc. v. Adobe Sys. Inc.*, 812 F.3d 1070, 1073 (Fed. Cir. 2016) ("Generally, patent owners may only collect damages for patent infringement that takes place during the term of the patent.").

Pipp's allegations in paragraph 17 of the Complaint – focusing on IGE's actions and not Pipp's – are similarly deficient to state a claim of past damages under §287:

> On or about December 23, 2019, attorneys for Defendant responded to the December 6, 2019 Notice letter, including therein reference to Patent Application Publication 2019/0059242. A copy of the response by Defendant's counsel is attached as Exhibit 10. With regard to Patent Application Publication 2019/0059242, Defendant's attorney stated: "With respect to the '242 application, VAS already made substantial amendments resulting in markedly different legal claim scope than the published '242 claims." (Exhibit 10, page 2.) The response by Defendant's counsel establishes that at least by December 23, 2019, Defendant had notice of the pending patent application which subsequently issued as the '099 Patent, but in addition Defendant had Notice at least through its counsel as to the prosecution file history for application Serial No. 16/112,077 and the ongoing prosecution of that application which would lead to allowance and issuance of the '099 Patent.

Compl. ¶17. Even if true, these allegations only prove notice of a pending patent application, not an issued patent.

Further, for § 287(a) purposes, it is irrelevant whether an accused infringer actually knew of either the patent or its own infringement. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) ("The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer"). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Id.*

Moreover, whether the alleged infringer was actually aware of the patents-in-suit was not relevant under section 287 because it was only the patentee's conduct in notifying the alleged

infringer that could give rise to pre-suit damages. *Id.* As a result, the Court concluded the patentee was not entitled to pre-suit damages based on actual notice. *Id.*

Pipp's remaining pleadings confirm that it did not comply with the actual notice requirement of § 287 until at least March 9, 2021. Indeed, Pipp's allegations are at best equivocal as to IGE's knowledge and fall far underneath the required threshold of providing a "specific charge of infringement":

- Pipp pleading that IGE had a "*likely* knowledge of Plaintiffs' patent portfolio in general." Compl. ¶ 26 (emphasis added).

- Pipp expressly noting that IGE may or may not be aware of the '099 Patent. Compl, Ex. 11 ("As you may be aware, VAS's prior pending applications have since issued as… U.S. Patent No. 10,806,099").

## CONCLUSION

For the foregoing reasons, the Court should dismiss Pipp's claim for any damages allegedly owed from prior to March 9, 2021.[3]

Date: June 24, 2021

                                          Respectfully submitted,

                                          **INNOVATIVE GROWERS EQUIPMENT, INC.**

                                          By: _____/s/ Brian R. Michalek___
                                                      One of Its Attorneys

Brian R. Michalek (Brian.Michalek@saul.com)
Casey T. Grabenstein (Casey.Grabenstein@saul.com
SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7100

---

[3] Under Fed. R. Civ. P. 12(a)(4), a defendant's filing of a partial motion to dismiss automatically extends its time to answer the unchallenged counts, as if it had moved to dismiss all counts. *See, e.g.*, *Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232, 2013 WL 2357621, at *6 (N.D. Ill. May 28, 2013); *Vendetti v. Compass Env't, Inc.*, No. 06 CV 3556, 2006 WL 8199711, at *3 (N.D. Ill. Oct. 25, 2006); *Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220–21 (N.D. Ill. 1997). Thus, Defendant submits this Partial Motion to Dismiss as its answer to the Complaint and will respond to the unchallenged portions accordingly after the Court decides the Partial Motion to Dismiss. To the extent a response to Plaintiff's Complaint is needed, its allegations are denied.

**CERTIFICATE OF SERVICE**

    I, Brian R. Michalek, an attorney, hereby certify that on June 24, 2021, I filed this Partial Motion to Dismiss via the Court's electronic filing system and that service upon counsel for the Plaintiff, was accomplished pursuant to the ECF for filing users.

                                                         /s/ Brian R. Michalek