IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Pipp Mobile Storage Systems, Inc. | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No.: 1:21-cv-2104 |
| | ) | Judge: Sara L. Ellis |
| Innovative Growers Equipment, Inc. | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

## JOINT INITIAL STATUS REPORT

**1.** **The Nature of the Case:**

    **A.** **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

Representing Plaintiff Pipp Mobile Storage Systems, Inc. ("Pipp"):

Gregory P. Casimer, Thorelli & Associates: Local Counsel
Terence J. Linn, Lead and Trial Counsel, Gardner, Linn, Burkhart & Ondersma LLP.

Representing Defendant Innovative Growers Equipment, Inc. ("IGE"):

Brian Michalek, Saul Ewing Arnstein & Lehr
Casey Grabenstein, Saul Ewing Arnstein & Lehr

    **B.** **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

Plaintiff Pipp has asserted direct infringement and indirect infringement of U.S. Patent No. 10,806,099 (the "'099 patent) by Defendant IGE.

Defendant IGE has not yet asserted any counterclaims but reserves the right to do so.

    **C.** **Briefly identify the major legal and factual issues in the case.**

The major factual and legal issues concern claim construction of terms within the asserted claims of the patents-in-suit, infringement of the asserted claims of the patents-in-suit, validity of

1

the asserted claims of the patents-in-suit, and damages. Additionally, IGE has brought a partial motion to dismiss Pipp's claim for past damages from before the date Pipp gave notice of the alleged patent infringement to IGE.

    **D.**    **State the relief sought by any of the parties.**

Pipp seeks an injunction restraining IGE's alleged ongoing infringement of the '099 patent; an award of damages under 35 U.S.C. § 284, with prejudgment and post-judgment interest; a judgment that IGE's infringement has been willful, and a three-fold increase in damages; and a judgment that this case is exceptional ordering IGE pay the costs of this action, including all disbursements and attorney fees as provided b 35 U.S.C. § 285, with prejudgment interest.

IGE seeks a dismissal of all claims and an order and ruling that the claims in the asserted patent are invalid and not infringed, and Pipp is not entitled to any damages.

**2.**    **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)'claim(s).**

    **A.**    **Identify all federal statutes on which federal question jurisdiction is based.**

This is a civil action for infringement of the '099 patent under the patent laws of the United States. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

    **B.**    **If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

        **(1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy(and, if so, the basis of that dispute).**

        N/A

        **(2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the businessunit are citizens must be identified.**

2

       N/A

3. **Status of Service**: IGE was served with the Complaint on or about May 4, 2021.

4. **Consent to Proceed Before a United States Magistrate Judge**: The parties do not consent to proceed before a Magistrate Judge.

5. **Motions:**

    A. **Briefly describe any pending motions.**

On June 24, 2021, IGE filed a partial motion to dismiss, seeking dismissal of Pipp's claims for damages from before March 9, 2021, the date on which Pipp first notified IGE of its alleged patent infringement. Pipp will oppose the motion.

    B. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

IGE filed a partial motion to dismiss and anticipates filing an Answer to the remaining paragraphs in the Complaint after the Court has decided the partial motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4); *Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232, 2013 WL 2357621, at *6 (N.D. Ill. May 28, 2013).

6. **Case Plan:**

    A. **For Cases in the Mandatory Initial Discovery Pilot ("MIDP").**

N/A

    B. **Submit a proposal for a discovery plan.**

See Appendix A, Report of the Parties' Planning Meeting.

    C. **With respect to trial, indicate the following:**

        (1) **Whether a jury trial is requested; and**

A jury trial is requested.

        (2) **The probable length of trial.**

The parties anticipate a jury trial of approximately five (5) days.

7. **Status of Settlement Discussions:**

    **A. Indicate whether any settlement discussions have occurred;**

The parties have not had settlement discussions.

    **B. Describe the status of any settlement discussions; and**

N/A

    **C. Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time.

**PIPP MOBILE STORAGE SYSTEMS, INC.**

Date: June 25, 2021 /s/ Terence J. Linn
Terence J. Linn
Karl Ondersma
Bryce Whitworth
Gardner, Linn, Burkhart & Ondersma LLP
2900 Charlevoix Drive SE, Suite 300
Grand Rapids, Michigan 49546
(616) 975-5500
linn@gardner-linn.com
ondersma@gardner-linn.com
whitworth@gardner-linn.com

Gregory P. Casimer
IARDC # 6257750
Thorelli & Associates
Three First National Plaza
70 West Madison Street, Suite 5750
Chicago, Illinois 60602
(312) 357-0300
greg@thorelli.com

Attorneys for Plaintiff Pipp Mobile Storage Systems, Inc.

**INNOVATIVE GROWERS EQUIPMENT, INC.**

Date: June 25, 2021 /s/ Brian R. Michalek
Brian R. Michalek
Casey T. Grabenstein
Saul Ewing Arnstein & Lehr LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7100
Brian.Michalek@saul.com
Casey.Grabenstein@saul.com

Attorneys for Defendant Innovative Growers Equipment, Inc.

5

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that a true and correct copy of the foregoing document was served on all parties who have appeared in this case on June 25, 2021, and who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                                                        /s/ Terence J. Linn