UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Pipp Mobile Storage Systems, Inc., | ) | |
| Plaintiff | ) ) ) ) ) | |
| | ) | Civil Action No. 1:21-cv-02104 |
| Innovative Growers Equipment, Inc., | ) ) | Judge Sara L. Ellis |
| Defendant | ) | |

**LPR APPENDIX A**
**REPORT OF THE PARTIES' PLANNING MEETING**

Pursuant to the Local Rules and Rule 26(f), Plaintiff Pipp Mobile Storage Systems, Inc. ("Pipp") and Defendant Innovative Growers Equipment, Inc. ("IGE"), hereby submit the following Report of the Parties' Planning Meeting:

1. The following persons participated in a Rule 26(f) conference on Tuesday, June 22, 2021 by telephone conference:

   Representing Plaintiff Pipp:

   Gregory P. Casimer, Thorelli & Associates: Local Counsel
   Terence J. Linn, Lead and Trial Counsel, Gardner, Linn, Burkhart & Ondersma LLP

   Representing Defendant IGE:

   Brian Michalek, Saul Ewing Arnstein & Lehr
   Erin Westbrook, Saul Ewing Arnstein & Lehr

2. **Initial Disclosures**. By Thursday, July 8, 2021, the parties will serve the initial disclosures required by Rule 26(a)(1) and LPR 2.1.

3. **Disclosures and Discovery Pursuant to Local Patent Rules**. The parties acknowledge that the requirements of the Local Patent Rules apply to this case. The parties agree to the

1

following schedule, consistent with the Local Patent Rules Estimated Patent Case

Schedule:

| EVENT | DATE |
|---|---|
| Service of Complaint | May 4, 2021 |
| Answer or Other Response to Complaint | June 24, 2021 |
| Joint Scheduling Order (LPR 1.2) | |
| Initial Disclosures of Both Parties (with no patent infringement counter-claim) / Commencement of Fact Discovery (LPR 2.1, LPR 1.3) | July 8, 2021 |
| Initial Infringement Contentions (LPR 2.2) | July 22, 2021 |
| Initial Non-Infringement, Unenforceability and Invalidity Contentions (LPR 2.3) | August 5, 2021 |
| Initial Response To Invalidity Contentions (LPR 2.5) | August 19, 2021 |
| Final Infringement, Unenforceability and Invalidity Contentions (LPR 3.1) | December 16, 2021 |
| Final Non-infringement, Enforceability and Validity Contentions (LPR 3.2) | January 13, 2022 |
| Exchange of Claim Terms Needing Construction and Proposed Construction (LPR 4.1) | January 27, 2022 |
| Opening Claim Construction Brief (LPR 4.2(a)) | March 3, 2022 |
| Responsive Claim Construction Brief (LPR 4.2(c)) | March 31, 2022 |

| | |
|---|---|
| Reply Claim Construction Brief (LPR 4.2(d)) | April 14, 2022 |
| Joint Claim Construction Chart (LPR 4.2(f)) | April 21, 2022 |
| Claim Construction Hearing (LPR 4.3) | May 12, 2022 |
| Claim Construction Ruling | Target - Six Weeks after Claim Construction Hearing (Tentatively June 23, 2022) |
| Close of Fact Discovery (LPR 1.3) | 42 Days After Claim Construction Ruling (Tentatively August 4, 2022) |
| Expert Reports of Parties with Burden of Proof (LPR 5.1(b)) | 21 Days After Close of Fact Discovery (Tentatively August 25, 2022) |
| Rebuttal Expert Reports (LPR 5.1) | 35 Days After Initial Expert Reports (Tentatively September 29, 2022) |
| Completion of Expert Witness Depositions (LPR 5.2) | 35 Days After Rebuttal Expert Reports (Tentatively November 3, 2022) |
| Final Day for Filing Dispositive Motions (LPR 6.1) | 28 Days After Close of Expert Discovery (Tentatively December 1, 2022) |
| Case Ready for Trial | 20 Weeks After Filing Dispositive Motions (Tentatively April 20, 2023) |

4. **Additional Discovery Plan**. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

   a. Each party shall serve no more than 25 interrogatories to another party. Interrogatories are governed by Fed. R. Civ. P. 33.

   b. Each party shall serve no more than 100 requests for admission to another party. Requests for admission are governed by Fed. R. Civ. P. 36.

    c.    Plaintiff proposes each party shall be permitted 15 factual depositions without leave of the Court. Defendant proposes each party shall be permitted 10 factual depositions without leave of the Court. Additional depositions by a party shall be by stipulation or by leave of the Court. Depositions are governed by Fed. R. Civ. P. 30.

    d.    Limits on the length of depositions are governed by Fed. R. Civ. P. 30.

    e.    Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

5.    **Alternative Discovery Plan**. The parties do not propose a discovery plan that differs from that provided in the Local Patent Rules.

6.    **Other Dates**:

    a.    Supplementation of disclosures and discovery responses shall be according to the timing provided under Rule 26(e).

    b.    The parties agree that the final dates to amend pleadings or to join parties shall be December 1, 2021.

7.    **Other Items**:

    a.    The parties agree that, at the appropriate time, alternative dispute resolution proceedings may beneficially help to resolve this matter. At this time, however, the parties do not believe that alternative dispute resolution will be productive.

    b.    Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or

        countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

c.   In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

d.   The parties agree the video "The Patent Process: An Overview for Jurors" or any subsequent version of same distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

e.   The parties agree that the provisions of Sections 3A, B and C of the America Invents Act concerning the revisions to 35 U.S.C. §§102, 103 apply to all patents-in-suit in this case.

f.   <u>Per Local Patent Rule 3.5(b), the parties advise the following with respect to the patent in suit:</u>

<u>(1) whether the patent is eligible to be challenged at the USPTO by each defendant,</u>

- The patent is eligible to be challenged at the USPTO by the defendant.

<u>(2) what form such a challenge may take (inter parties review, post grant review, covered business method review, ex parte reexamination, etc.),</u>

- The patent can be challenged by post-grant review until July 20, 2021.
- The patent can be challenged by inter partes review after July 20, 2021.

- The patent could also be elected to be subject of an ex parte reexamination.

(3) the earliest and latest date such a challenge is permitted to be made for each defendant,

- The earliest date available for a post-grant review was the date of patent issuance, October 20, 2020. The latest date a challenge via post-grant review may be made is July 20, 2021.
- The earliest date available for an inter partes review is after the post-grant review on July 20, 2021. The latest date such a challenge is permitted is April 19, 2022.

(4) whether the patents in suit have been the subject of prior USPTO reviews and, if so, the status of the same, and

- The patent in suit has not been the subject of a prior USPTO review.

(5) any other prior litigation history of the patents in suit and the status of the same.

- There has been no prior litigation history of the patent in suit.

Date: June 25, 2021              /s/ Terence J. Linn
                                 Terence J. Linn
                                 Karl Ondersma
                                 Bryce Whitworth
                                 Gardner, Linn, Burkhart & Ondersma LLP
                                 2900 Charlevoix Drive SE, Suite 300
                                 Grand Rapids, Michigan 49546
                                 (616) 975-5500
                                 linn@gardner-linn.com
                                 ondersma@gardner-linn.com
                                 whitworth@gardner-linn.com

                              Gregory P. Casimer
                              IARDC # 6257750
                              Thorelli & Associates
                              Three First National Plaza
                              70 West Madison Street, Suite 5750
                              Chicago, Illinois 60602
                              (312) 357-0300
                              greg@thorelli.com
                              Attorneys for Plaintiff Pipp Mobile Storage Systems, Inc.

Date: June 25, 2021          /s/ Brian R. Michalek
                              Brian R. Michalek
                              Casey T. Grabenstein
                              Saul Ewing Arnstein & Lehr LLP
                              161 North Clark Street, Suite 4200
                              Chicago, Illinois 60601
                              (312) 876-7100
                              Brian.Michalek@saul.com
                              Casey.Grabenstein@saul.com
                              Attorneys for Defendant Innovative Growers Equipment, Inc.