IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
- - - - - - - -

| | | |
|---|---|---|
| Pipp Mobile Storage Systems, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:21-cv-02104 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| Innovative Growers Equipment, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**JOINT MOTION ON PLAINTIFF PIPP'S MOTION TO COMPEL INITIAL DISCLOSURES BY DEFENDANT COMPLIANT WITH LPR 2.1(b)**

## I. JOINT STATEMENT OF COMPLIANCE WITH LOCAL RULE 37.2

Counsel for Plaintiff Pipp Mobile Storage Systems, Inc. ("Pipp") and counsel for

Defendant Innovative Growers Equipment, Inc. ("IGE") conducted telephonic conferences on

July 16 and July 22, 2021. Despite efforts to resolve this dispute, the parties remain at impasse.

## II. PIPP'S INTRODUCTORY STATEMENT

IGE's Initial Disclosures only disclosed materials relating to a later-changed version of

its accused air flow system, and no technical

materials for the original version accused of patent

infringement depicted in the Complaint, para. 10-14.



As shown, the original IGE system positioned a fan

(i.e. the white cylinder overlaid by the blue arrow)

above a housing so that an air flow inlet into the housing was downward as recited in patent

Claim 25. IGE apparently argues that after receiving a March 9, 2021 demand letter, it changed

its air flow system to place the fan underneath the housing. Based on this alleged change, IGE

refuses to produce documents required by LPR2.1(b)(1) for the original version marketed by IGE

prior to March 2021. The documents withheld by IGE are responsive to the Local Rule and

directly relevant to infringement by the original air flow system of IGE identified with

particularity in the Complaint. Although IGE filed a motion for dismissal of a claim for damages

accruing prior to March 9, 2021, the motion is only directed to damages and does not absolve

IGE's original version from infringement or remove Pipp's entitlement to injunctive relief

against it, and is irrelevant to LPR2.1(b)(1) disclosure obligations.

## III. IGE'S INTRODUCTORY STATEMENT: In compliance with LPR 2.1(b), IGE produced

an installation manual, photographs, and diagrams for the product that it currently offers for sale

1

since it received Pipp's March 9, 2021 letter accused it of patent infringement. Pipp does not

challenge the sufficiency of that production. Rather, Pipp seeks disclosure of extensive pre-suit

documentation for a product that IGE no longer offers for sale and which should not be part of

this case for the reasons stated in IGE's pending Partial Motion to Dismiss.[1] Not only are such

disclosures not relevant to the needs of the case, but Pipp has not met its burden or provided any

reason for needing this information. The Court should deny Pipp's Motion to Compel.

## IV. PIPP'S POSITION: LPR2.1 REQUIRES DISCLOSURE OF TECHNICAL DOCUMENTS REGARDING IGE'S ORIGINAL VERSION OF ACCUSED SYSTEM

It is not disputed that prior to March 9, 2021, IGE made, offered, sold and distributed air

flow systems which were marketed by IGE as locating an air flow fan above a housing as shown

and discussed in the Complaint at paragraphs 10-14. LPR2.1(b)(1), requires:

> (1) documents sufficient to show the operation and construction of all aspects or elements of each accused apparatus, product, device, component, process, method or other instrumentality identified with specificity in the pleading of the party asserting patent infringement

IGE's Initial Disclosures (Exhibit A), identified 11 documents (Exhibit B) relating to a changed

system as responsive, but IGE refused to disclose any regarding IGE's accused original version.

IGE argued its motion to dismiss claims for damages accrued prior to the March 9, 2021

letter absolved IGE from LPR2.1(b) disclosure on its original system depicted in the Complaint:

> As Pipp is aware, IGE has a pending Motion to Dismiss regarding pre-notification damages under 35 U.S.C. § 287(a). In light of IGE's Motion, any request for documents relating to the operation and construction of products from before the date of notification are not relevant and are disproportionate to the needs of the case. (IGE Exhibit 2)

That a defendant changes its device and stops infringement is not a basis for denying an

injunction against future infringement by that original device. *E.g. W.L. Gore & Assoc. v.*

---

[1] IGE filed its Partial Motion to Dismiss Claims for Past Damages for Non-Compliance with 35 USC 287 on June 24, 2021 (Dkt. 16-17). Pipp has yet to respond.

*Garlock, Inc.*, 842 F.2d 1275, 1281-82 (Fed. Cir. 1988), *abrogated on other grounds as recognized in Zoltek Corp. v. U.S*., 672 F.3d 1309 (Fed. Cir. 2012); *Kolcraft Enterprises, Inc. v. Chicco USA, Inc*., 2019 WL 4242482 at *17 (N.D. Ill. Sept. 6, 2019) (there was no evidence defendant lacked the capacity or capital to re-enter market with original device, "[t]his is enough to show that there is a risk of future infringement"); *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 2008 WL 4531371 at *4 (N.D. Ill. May 22, 2008) (despite discontinuing the infringing software, "[defendant] remains capable of manufacturing the infringing product, which also weighs in [patentee's] favor [of injunction]"); *Black & Decker Inc. v. Robert Bosch Tool Corp*., 2006 WL 3446144 at *4 (N.D. Ill. Nov. 29, 2006); *Ultratec, Inc. v. Sorenson Comm., Inc.*, 323 F.Supp.3d 1071, 1078 (W.D. Wisc. 2018). IGE cites *Reebok v. J. Baker* and *ADA Sols.* which dealt with preliminary injunctions and are not here relevant.  Regardless of outcome, IGE's motion does not remove its original system from infringement and being in issue in this case. Moreover, it is not even established that IGE has in fact discontinued its original system.

Further, the Court explicitly crafted its scheduling order to provide for fact discovery over the next five months on the accused systems. The Court's order reset the status hearing date to November 16, 2021, "for ruling on Defendant's partial motion to dismiss," with a joint report to be filed on November 9, 2021 "indicating the status of fact discovery…" (Minute Entry June 29, 2021; Doc. #19.) For IGE to unilaterally bar discovery on its original infringing system for some five plus months until the Court rules on IGE's motion is contrary to the disclosure rules of Fed.R.Civ.P. 26(a)(1) and LPR2.1(b) and discovery rules of Fed.R.Civ.P. 26 *et seq*.

Because the purpose of discovery is to help define and clarify the issues, courts broadly define the scope of relevant discovery. *Doe v. Loyola Univ. Chi.*, No. 18 CV 7335, 2020 WL 406771, at *2–3 (N.D. Ill. Jan. 24, 2020). District courts have broad discretion in interpreting and

3

applying their local rules. *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 549 (7th Cir. 2017). Here the Local Patent Rules were enacted to address and avoid the dispute now generated by IGE. Pipp therefore respectfully requests the Court order IGE to produce documents under LPR2.1(b) disclosing IGE's original air flow system that is accused of infringement.

**V. IGE'S POSITION:** The Court should deny Pipp's motion because it seeks irrelevant and burdensome documents relating to (a) a product that IGE no longer offers for sale and (b) a time period from before Pipp gave notice of the alleged patent infringement.[2] "[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *West v. Miller*, No. 05C4977, 2006 WL 2349988, at *2 (N.D. Ill. Aug. 11, 2006). Even where information is relevant, discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Pipp cannot meet either standard here for at least three reasons.

    *First,* the information is irrelevant for the reasons explained in Pipp's partial motion to dismiss.[3] If litigation is susceptible to burdensome and costly discovery—as is this patent litigation—the Court "should limit discovery once a motion to dismiss for failure to state a claim has been filed." *Coss v. Playtex Prods.*, LLC, No. 08 C 50222, 2009 U.S. Dist. LEXIS 42933, at *8–9, *13 (N.D. Ill. May 21, 2009). Here, IGE moved to dismiss past damages for the time period prior to when Pipp provided notice of alleged infringement. (Dkt. 16-17).[4] As explained

---

[2] IGE complied with LPR 2.1(b) with respect to the product it has offered for sale since that date by producing documents sufficient to show operation and construction of that product, including an instruction manual, photographs and diagrams. Pipp does not challenge the sufficiency of that production.

[3] Pipp's plan to seek irrelevant discovery flows past this motion as further revealed through its 41 document requests seeking information on overbroad categories of IGE's products.[3] *See* Ex. 1, RFP 14 ("All documents and things concerning the structure or operation of any IGE Air Flow System and/or portion thereof."). IGE has not yet responded to this discovery.

[4] In an attempt to compromise, IGE explained that it would reconsider its position should it not succeed on its motion to dismiss. *See* Ex. 2 (Email July 15, 2021). Pipp did not accept.

in the motion, any products offered for sale before this notice are not at issue in this case. There is no basis for discovery into irrelevant products.

**Second**, Pipp has not identified legitimate reasons for this discovery. Conceding that the information sought is not relevant to damages, Pipp argues that it may be relevant to an injunction to prevent IGE from offering a product it no longer sells. But courts generally do not enjoin a party from manufacturing a product that it no longer manufactures. *See, e.g.*, *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1558 (Fed. Cir. 1994) (denying injunction because irreparable harm is "unlikely to occur . . . once the patentee stops making and advertising its product."); *WCM Indus., Inc. v. IPS Corp.*, No. 213CV02019JPMTMP, 2016 WL 7448709, at *3 (W.D. Tenn. May 16, 2016) (denying injunction, noting that plaintiff "suffers no hardship without an injunction because the products have been discontinued"); *ADA Sols., Inc. v. Engineered Plastics, Inc.*, Civil No. 10-11512-NMG, 2011 WL 6177287, at *1 (D. Mass. Dec. 9, 2011) ("[T]here is no need for a court to order a party to discontinue the manufacture and sale of infringing products it no longer sells or manufactures."). Pipp's alleged harm is hypothetical as it has offered no reason to suspect that IGE plans to suddenly sell its older products. But without any facts indicating the IGE will reintroduce older products, Pipp's motion must fail.

**Third**, Pipp already has publicly available information as identified in its complaint allegedly showing "operation and construction of all aspects or elements of each accused apparatus." (Dkt. 1, pp. 4-8). The LPR 2.1(b) information requested is duplicative of that identified in Exhibits 3-8. Indeed, Pipp is scheduled to serve initial infringement contentions on July 22, 2021 and has made no indication that it does not have the requisite information to do so.

Given the pending motion to dismiss, Pipp's purely hypothetical arguments, and the information already available to Pipp, the Court should deny Pipp's Motion to Compel.

Date:  July 23, 2021

| | |
|---|---|
| /s/Terence J. Linn | /s/Brian R. Michalek |
| Terence J. Linn | Brian R. Michalek |
| Karl Ondersma | Casey T. Grabenstein |
| Bryce Whitworth | Saul Ewing Arnstein & Lehr LLP |
| Gardner, Linn, Burkhart & Ondersma LLP | 161 North Clark Street, Suite 4200 |
| 2900 Charlevoix Drive SE, Suite 300 | Chicago, Illinois 60601 |
| Grand Rapids, Michigan 49546 | (312) 876-7100 |
| (616) 975-5500 | Brian.Michalek@saul.com |
| linn@gardner-linn.com | Casey.Grabenstein@saul.com |
| ondersma@gardner-linn.com | |
| whitworth@gardner-linn.com | |
| | Attorneys for Defendant Innovative Growers Equipment, Inc. |
| Gregory P. Casimer | |
| IARDC # 6257750 | |
| Thorelli & Associates | |
| Three First National Plaza | |
| 70 West Madison Street, Suite 5750 | |
| Chicago, Illinois 60602 | |
| (312) 357-0300 | |
| greg@thorelli.com | |
| | |
| Attorneys for Plaintiff Pipp Mobile Storage Systems, Inc. | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing document was served on all parties who have appeared in this case on July 23, 2021, and who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Terence J. Linn