IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOS

- - - - - - - -

| | |
|---|---|
| PIPP MOBILE STORAGE SYSTEMS, INC. | )<br>)<br>) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:21-cv-02104 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| INNOVATIVE GROWERS EQUIPMENT, INC. | )<br>)<br>)<br>) |
| Defendant. | ) |

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT IGE'S PARTIAL MOTION TO DISMISS CLAIMS FOR PAST DAMAGES FOR NON-COMPLIANCE WITH 35 U.S.C. § 287</u>**

# TABLE OF CONTENTS

Exhibit List………………………………………………………………………… ii

Table of Authorities……………………………………………………………. iii

I. Introduction……………………………………………………………….. 1

II. Legal Standards – Motion to Dismiss..………………………………………… 1

III. Background……………………………………………………………. 2

IV. Argument………………………………………………………………….. 3

    A. The Complaint Adequately Alleges Notice to Defendant IGE…………. 4

    B. The Complaint is Sufficient Even If Analyzed on the Merits..………… 6

## **EXHIBIT LIST**

A:    Jackson v. Intel Corporation - Complaint

B:    e-Watch Inc. v. Avigilon Corp - Complaint

C:    Express Mobile Inc. v. Dreamhost, LLC - Complaint

D:    Icontrol Networks, Inc. v. Zonoff Inc. - Order

# TABLE OF AUTHORITIES

**Cases**

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
  24 F.3d 178 (Fed. Cir. 1994)……………………………………………… 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)………………………………………………………….. 2, 6

*Automed Techs., Inc. v. Eller*,
  160 F.Supp.2d 915 (N.D. Ill. 2001)………………………………………….. 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)………………………………………………………….. 1, 2

*Civix-DDI, LLC v. Cellco P'ship*,
  387 F.Supp.2d 869 (N.D. Ill 2005)…………………………………………… 9

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
  498 F.Supp.2d 718 (D.Del. 2007)…………………………………………….. 9

*Crown Packaging Technology, Inc. v. Rexam Beverage Can Co.*,
  559 F.3d 1308 (Fed. Cir. 2009)……………………………………………… 9

*Dixon v. Page*,
  291 F.3d 485 (7th Cir. 2002)………………………………………………… 1

*e-Watch Inc. v. Avigilon Corp.*,
  2013 WL 5231521 (S.D. Tex. 2013)………………………………………… 5

*EEOC v. Concentra Health Servs.*,
  496 F.3d 773 (7th Cir. 2007)………………………………………………… 2

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*,
  935 F.2d 1263 (Fed. Cir. 1991)……………………………………………… 9

*Express Mobile, Inc. v. DreamHost LLC*,
  2019 WL 2514418 (D. Del. June 18, 2019)………………………………….. 5

*FHE USA LLC v. Lee Specialties Inc.*,
  2018 WL 11347193 (W.D. Tex. Nov. 27, 2018)……………………………… 8

*Gibson v. City of Chicago*,
  910 F.2d 1510 (7th Cir. 2007)………………………………………………… 1

*Icontrol Networks, Inc. v. Zonoff Inc.*,
    Civil Action No. 14-1199-GMS (D. Del. July 31, 2015)………………………….. 4

*Jackson v Intel Corp.*,
    2009 WL 2851742 (N.D. Ill. Aug. 31, 2009) *dismissed*,
    373 F. App'x 45 (Fed. Cir. 2009)..……………………………………………. 5

*K-TEC, Inc. v. Vita-Mix Corp.*,
    696 F.3d 1364 (Fed. Cir. 2012)…………………………………………………. 6, 7, 9

*Lans v. Digital Equipment Corp.*,
    252 F.3d 1320 (Fed. Cir. 2001)………………………………………………….. 5

*Lexington luminance LLC v. Feit Electric Co.*,
    2020 WL 7248374 (S.D. Cal. Nov. 4, 2020)……………………………………. 8

*Loops, LLC v. Amercare Products, Inc.*,
    636 F. Supp. 2d 1128 (W.D. Wash. 2008)………………………………………. 4, 8

*Lucent Technologies Inc. v. Microsoft Corp.*,
    544 F.Supp.2d 1080 (S.D. Cal. 2008)…………………………………………. 8

*MacPike v. Am. Honda Motor Co.*,
    1993 WL 632261 (N.D. Fla. Oct. 1, 1993)……………………………………… 9

*Rosebud LMS Inc. v. Adobe Sys. Inc.*,
    812 F.3d 1070 (Fed. Cir. 2016)………………………………………………….. 9

*Steinthal v. Arlington Sample Book Co.*,
    94 F.2d 748 (3d Cir. 1948)………………………………………………………. 9

*TecSec, Inc. v. Adobe, Inc.*,
    2019 WL 1233847 (E.D. Va. Mar. 14, 2019)………………………………….. 9

*Uniboard Aktiebolag v Acer America Corp.*,
    118 F.Supp.2d 19 (D. D.C. 2000), *aff'd sub nom*, *Lans v. Digital Equipment Corp.*, 252 F.3d 1320 (Fed. Cir. 2001)……………………………………… 5

*Vaughan Co. v. Global Bio-Fuels Technology LLC*,
    2012 WL 5598501 (N.D. N.Y. Nov. 12, 2012)………………………………….. 4, 8

**Statutes**
35 U.S.C. § 154(d)……………………………………………………………….. 8

**Other**
Fed.R.Civ. 12(b)…………………………………………………………………….. 1, 4
Fed.R.Civ. 12(b)(6)………………………………………………………………… 1, 2, 6

Plaintiff Pipp Mobile Storage Systems, Inc. ("Pipp") hereby opposes Innovative Grower's Equipment, Inc.'s ("IGE") Partial Motion to Dismiss Claims for Past Damages for Non-Compliance with 35 U.S.C. § 287.

## I. INTRODUCTION

As asserted in the complaint, Defendant did have constructive and/or actual notice of the '099 Patent. (Compl. ¶15.) Defendant's motion must be denied.

Defendant's motion is one brought under Rule 12(b), and not one for summary judgment under Rule 56. The complaint does not allege that the ensuing paragraphs of the complaint (Complaint ¶¶ 16-18) are the only evidence of IGE's notice of the '099 Patent as Defendant would like to imply, and Defendant IGE does not allege that there is no other evidence relevant to IGE's notice. Contrary to the arguments of Defendant, this is not a case in which the patent owner took no action to provide notice to the infringer, and IGE's reliance on authorities to that effect do not support its argument. Discovery has not been obtained as to Defendant IGE's actual knowledge of the '099 Patent, which is relevant to the issue in view of the communication between counsels for Plaintiff Pipp and Defendant IGE. The complaint is more than sufficient to allege notice and provides the ability to prove damages prior to the date of March 9, 2021, by which date even Defendant admits actual notice was served. Defendant's motion is meritless and must be denied.

## II. LEGAL STANDARDS – MOTION TO DISMISS

The purpose of a motion to dismiss under Rule 12(b)(6) "is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 2007) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. *Dixon v. Page*, 291 F.3d 485, 486

(7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must provide the defendant with fair notice of a claim's basis and establish that the requested relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations need only be "enough to raise a right of relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. Mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss. *Automed Techs., Inc. v. Eller*, 160 F.Supp.2d 915, 920 (N.D. Ill. 2001). "[T]he complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

### III. BACKGROUND

As asserted in the complaint, Plaintiff Pipp is the owner by valid assignment of all right title and interest in and to U.S patent No. 10,806,099, referred to as the '099 Patent. (Complaint ¶8.) The predecessor in interest to Pipp was Vertical Air Solutions LLC ("Vertical Air"; Complaint ¶9.) As reflected on the face of the '099 Patent, Vertical Air was assignee of the '099 Patent at its issuance (Complaint Ex 1, Doc. # 1.1., PageID # 16), and Pipp subsequently acquired the air flow system business of Vertical Air. (Complaint ¶9.)

Notwithstanding Defendant's allegations, as asserted in the complaint, Defendant IGE had notice of the '099 Patent, constructive and/or actual. (Complaint ¶15.) As there stated:

> 15. Defendant has constructive and/or actual knowledge of the '099 Patent. In addition, the filing and Notice of this action and the Complaint in this action provide actual notice to Defendant of the '099 Patent. Defendant thus has notice of the '099 Patent.

Plaintiff's complaint continues and provides additional allegations that are relevant to a number of issues in this action, including notice and willful infringement by Defendant. (Complaint ¶16-18.) Those allegations included a notice and demand letter dated December 6, 2019, sent by counsel for the then-owner of the application that matured into the '099 Patent,

2

Vertical Air. (Complaint ¶16-18; Complaint Ex. 9.) The notice and demand letter provided notice of not only the published application which matured into the '099 Patent, but also provided notice of another published patent application (Patent Publ. US 2019/0059241, Serial No. 15/730,659). Relevant to this motion is that Patent Publ. US 2019/0059241, Serial No. 15/730,659 is the parent application to the '099 Patent in suit. (Complaint Ex. 8, Doc. # 1.8; See Complaint Ex 1, Doc. # 1.1., PageID # 16.) The December 6, 2019 Notice Letter identified technology of IGE shown in an IGE Instagram posting of November 15, 2019 to IGE's account "innovativegrowersequipment" as being a specific example of IGE technology similar to the technology covered in the patents.

In responding to the November 6, 2019 Letter, counsel for IGE made detailed representations as to the status of the Vertical Air patent applications which reflect a specific review and analysis by IGE counsel of those applications and their prosecution in the Patent and Trademark Office (PTO). (Complaint Ex. 10, Doc. # 1-10, PageID # 110.)

IGE concedes that Plaintiff Pipp did in fact provide pre-filing notice in a Notice Letter of March 9, 2021. (Complaint Ex. 11, Doc. # 1-10; See IGE motion brief pages 1-2, 10). Because the subject motion is one based on Rule 12(b) rather than Rule 56 Plaintiff does not here submit additional declarations, but additional facts would support notice such as at least by August 20, 2020, then-owner Vertical Air providing notice via its website that the Vertical Air air flow system was a patented system and website notice of the parent patent to the '099 Patent. E.g.:

> **Vertical Air Solutions Awarded Patent for Air Circulation System**
>
> We are proud to announce a newly awarded patent for our air circulation system
>
> Learn More

## IV. ARGUMENT

IGE does not argue that Pipp fails to allege a claim of patent infringement by IGE prior to

3

March 9, 2021. Rather, IGE only argues that Pipp is not entitled to a monetary judgment of damages from IGE for infringement that occurred prior to March 9, 2021. Pipp remains entitled to a determination of infringement and injunctive relief for IGE's infringement prior to March 9, 2021, regardless of outcome of the present motion. In arguing the present motion IGE ignores the allegations of the complaint, and asks the Court to analyze and rule on the merits of those allegations, all contrary to the provisions of Fed.R.Civ.P. 12(b). Further, IGE ignores the notice that it admittedly did receive, and relies instead upon cases in which the patent owner did nothing whatsoever to notify the infringer as well as cases addressing a different issue altogether is here not in issue, that being whether pre-issuance damages can be awarded.

### A.     The Complaint Adequately Alleges Notice to Defendant IGE

Defendant IGE erroneously argues the complaint fails to allege notice to IGE. To the contrary, as noted above the complaint does indeed clearly allege such notice and the motion must be denied. (Complaint ¶15.) The issue of sufficiency of notice is a question of fact that precludes the court from deciding the issue on a Rule 12 motion. *See Loops, LLC v. Amercare Products, Inc.*, 636 F. Supp. 2d 1128, 1133 (W.D. Wash. 2008) (denying Rule 12 motion to dismiss pre-suit damages: "the Court agrees with Plaintiffs' second argument that the issue of notice is a question of fact that precludes the Court from denying damages during the time period at-issue"); *Vaughan Co. v. Global Bio-Fuels Technology LLC*, 2012 WL 5598501 at *3 (N.D. N.Y. Nov. 12, 2012). As was recognized in *Icontrol Networks, Inc. v. Zonoff Inc.*, Civil Action No. 14-1199-GMS, at p.2 fn. 1 (D. Del. July 31, 2015) (copy attached as Exhibit D; italics in original) because the defendant's motion was not to dismiss all damages it should not be addressed on a Rule 12 motion: "Thus, as Zonoff [defendant] appears to acknowledge in its reply brief, only pre-suit damages (and *not all damages*) are perhaps barred…The court therefore sees no reason to dismiss claims for pre-suit damages at this stage when the extent of Icontrol's [plaintiff] overall damages will be assessed

4

in any event at a later time."

In efforts to have the Court improperly analyze the merits of those allegations, IGE argues courts have addressed the issue of notice on a motion to dismiss. (IGE Motion Brief p. 3-4.) To support this notion IGE cites to cases in which the complaint did not include any allegation that notice was provided or received by the defendant. *Id.* Thus, in those cases the complaint was silent as to notice and the courts did not have to assess the merits of the allegations since none were present. Those cases cited by IGE include *Jackson v Intel Corp*., No. 09 C 2178, 2009 WL 2851742 (N.D. Ill. Aug. 31, 2009), *dismissed,* 373 F. App'x 45 (Fed. Cir. 2009); *e-Watch Inc. v. Avigilon Corp.*, 2013 WL 5231521 (S.D. Tex. 2013); *Express Mobile, Inc. v. DreamHost LLC*, No. 1:18-cv-01173, 2019 WL 2514418 (D. Del. June 18, 2019). As shown in the complaint in *Jackson v. Intel Corp*., attached as Exhibit A, the complaint was silent as to notice. Even then, however, the *Jackson* court treated the motion as one for summary judgment rather than as a motion under Rule 12(b) and thus considered additional documents submitted in support of the motion. Likewise, as shown in the complaint in *e-Watch Inc. v. Avigilon,* attached as Exhibit B, there is no reference to notice whatsoever. As shown in the complaint in *Express Mobile v. DreamHost* attached as Exhibit C, the complaint only alleged notice by filing of the complaint.

*Lans v. Digital Equipment Corp*., 252 F.3d 1320 (Fed. Cir. 2001), is equally unsupporting. There a letter had been sent to the defendant by an individual who did not own the patent in suit and who later filed an action for infringement that was dismissed for lack of standing. During the interim the patent in suit expired and therefore no injunctive relief would be available. The patent owner subsequently filed an infringement action and expressly alleged the letter by the individual who did not own the patent was the notice.[1] The court analyzed the history provided by the court

---

[1] *See Uniboard Aktiebolag v Acer America Corp*., 118 F.Supp.2d 19, 22 fn. 7 (D. D.C. 2000), *aff'd sub nom*, *Lans v. Digital Equipment Corp*., 252 F.3d 1320 (Fed. Cir. 2001) ("In paragraphs 22 and

record associated with the several actions related to the patent, and dismissed the claim for damages based on the complaint's restricted pleading relying solely on the non-owner's letter.

The present complaint cannot be dismissed based on Rule 12(b)(6) in view of the specific allegation of notice present in the complaint. Unlike the cases cited by IGE, Pipp does allege constructive and/or actual notice was provided. To make a determination on IGE's motion would require assessment on the merits of those allegations of the complaint, which is not proper under Rule 12(b)(6). IGE has fair notice of the basis of Pipp's claim which is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The motion should be denied.

**B.     The Complaint Is Sufficient Even If Analyzed on the Merits**

Pipp, through its predecessor in interest and itself thereafter, provided notice to IGE. Unlike cases cited by IGE, Pipp did take action and notified IGE. It is recognized that awareness by an infringer who never received any communication whatsoever from the owner will not constitute notice, but that is not here the case. In analogous situation the Court of Appeals for the Federal Circuit has found the patentee's acts sufficient, particularly when the infringer in fact learned of the patent in suit as was established during discovery in the action.

In *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364 (Fed. Cir. 2012) the court ruled the course of actions by the plaintiff was sufficient to provide notice to the defendant and supported an award of damages as of the issuance date of the patent in suit, despite no letter regarding the issued patent having been sent to the defendant. In *K-Tec* the appeals court affirmed a denial of a motion seeking judgment as a matter of law that notice for purposes of damages had not been given by the patentee. In that case the defendant had introduced an original product, and the plaintiff-patentee had

---

23 of its complaint, Uniboard refers to the patent as the 'Lans patent,' and alleges defendant received notice of the infringement by means of the letter Lans [the individual non-owner] sent to the defendants on September 27, 1996").

6

provided notice to the defendant of a parent patent to the application/patent which was ultimately to become the patent in suit. Subsequently an employee of the patentee notified the defendant of a pending continuation application which was expected to eventually issue. It was later shown the defendant attempted to design around the continuation application with a second product that was not the subject of any communication, and the defendant itself learned of the '117 continuation patent in suit shortly after issuance from the continuation application. No letter was ever sent by the patentee after the '117 continuation patent issued and no letter was sent which listed the '117 patent that issued from the continuation application. The plaintiff-patentee filed suit, alleging infringement of the '117 patent in suit by the defendant's original product, but did not assert the parent patent or accuse the second product. The plaintiff–patentee later amended to add infringement by the second product and yet another continuation patent, but never asserted the parent patent and eventually only sought damages for the second product which had never been the subject of a letter. 696 F.3d at 1370-71. Damages were awarded as of the issue date of the '117 continuation patent in suit. In affirming a denial of the JNOV motion, the appeals court noted the collective evidence supporting notice and damages as of the '117 patent's issue date, which included: notice of the parent patent (which was not in suit) against the original product, notice of the then pending continuation application, which resulted in the defendant itself learning of the continuation when the continuation later issued (citing the defendant itself learning of the '117 continuation patent at issuance), and the two products were treated similarly by the defendant. 696 F.3d at 1378-79.

  The present case is analogous to that of *K-Tec*, in that the Vertical Air Notice letter cited not only to the patent in suit, but to its parent application, which when issued was listed on the Vertical Air website to provide constructive notice. The Vertical Air Notice letter of December 6,

2019 directed IGE to the pending application that issued as the patent in suit, and identified the IGE product which is here asserted to infringe. (Complaint Ex. 9, Doc. # 1-9). It is currently unknown as to when IGE itself learned of the patent in suit, but IGE counsel knew of the pending application and its prosecution due to the affirmative notice letter and demand sent by Vertical Air. Discovery will be pursued on that issue. *See Loops v. Amercare*, 636 F. Supp. 2d at 1133-34 (denying Rule 12(b)(6) motion to dismiss pre-filing damages due to absence of notice as being a question of fact, and "discovery may provide that Defendants had constructive notice of Plaintiff's patent"); *Vaughan v. Global Bio-Fuels*, 2012 WL 5598501 at *3 (denying Rule 12(b)(6) motion: "If discovery shows Vaughan did not properly mark its patented products or failed to provide defendants with actual notice of their infringement prior to filing the complaint, then any damages are limited to post-filing infringement."). The overall cumulative evidence will establish that notice was provided to IGE under 35 U.S.C. § 287. *See FHE USA LLC v. Lee Specialties Inc.*, 2018 WL 11347193, at *2 (W.D. Tex. Nov. 27, 2018)(Rule 12(b)(6) motion denied).

IGE erroneously argues that notice of a patent application is "meaningless" because an application's claims may be changed. (IGE motion brief p. 6 fn. 1). That an application's claims may be changed is relevant to a different type of damages, that of pre-issuance damages under 35 U.S.C. § 154(d) when published application claims issue substantially unchanged, but does not avoid post-issuance damages. That claim language may change after the patentee provides notice does not avoid damages, or at a minimum raises a factual dispute as to whether notice was sufficient. *See Lucent Technologies Inc. v. Microsoft Corp*., 544 F.Supp.2d 1080, 1104-05 (S.D. Cal. 2008)(claims changed by certificate of correction); *Lexington luminance LLC v. Feit Electric Co*., 2020 WL 7248374 at *5 (S.D. Cal. Nov. 4, 2020) (claims changed by reexamination). Cases cited by IGE which address pre-issuance damages under 35 U.S.C. § 154(d) rather than post-

8

issuance damages likewise do not support IGE's motion, such as *Rosebud LMS Inc. v. Adobe Sys. Inc*., 812 F.3d 1070, 10175-76 (Fed. Cir. 2016) (finding actual knowledge qualifies as actual notice for pre-issuance damages; but the patentee never notified the infringer of the patent application and the infringer did not learn of the application on its own.)

IGE cites to cases relating to situations not here in issue. None overrule the authority of *K-TEC v. Vita-Mix* or even apply to the present case. *Civix-DDI, LLC v. Cellco P'ship*, 387 F.Supp.2d 869 (N.D. Ill 2005), involved the patentee sending a letter to the defendant which referred only to a patent which was not in suit and did not identify any of the applications which issued into the patents in suit or those patents. *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263 (Fed. Cir. 1991) did not deal with pre-suit damages, and the issue was whether jurisdiction was proper for a lawsuit filed the day the patent issued when a formal copy of the patent could not even be obtained. Other cases cited by IGE only address whether proper marking was made, and do not address whether actual notice was provided: *Steinthal v. Arlington Sample Book Co.*, 94 F.2d 748 (3d Cir. 1948); *TecSec, Inc. v. Adobe, Inc.*, 2019 WL 1233847 (E.D. Va. Mar. 14, 2019). In *MacPike v. Am. Honda Motor Co.*, No. CIV. A. 92-30094/LAC, 1993 WL 632261 (N.D. Fla. Oct. 1, 1993) the patentee argued the infringer saw materials relating to the underlying device, but no letter identifying the patent application or patent was sent and no documentary evidence relating to notice was ever submitted. In *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178 (Fed. Cir. 1994) the subject letter did not refer to a product of the defendant. In *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co*., 498 F.Supp.2d 718 (D.Del. 2007) a letter offering a license likewise did not refer to a product of the defendant, and IGE neglects to inform the Court that this decision was reversed. *Crown Packaging Technology, Inc. v. Rexam Beverage Can Co*., 559 F.3d 1308 (Fed. Cir. 2009). None of these cases apply to the case here in issue.

Plaintiff's well pleaded Complaint is not subject to partial dismissal. In view of the sufficiency of the Complaint, Defendants' motion should be denied.

Dated: July 30, 2021

/s/ Terence J. Linn
Terence J. Linn
Karl T. Ondersma
Gardner, Linn, Burkhart & Ondersma LLP
2900 Charlevoix Drive SE, Suite 300
Grand Rapids, Michigan 49546
(616) 975-5500
linn@gardner-linn.com
ondersma@gardner-linn.com

Gregory P. Casimer
IARDC # 6257750
Thorelli & Associates
Three First National Plaza
70 West Madison Street, Suite 5750
Chicago, Illinois 60602
(312) 357-0300
greg@thorelli.com

Attorneys for Plaintiff Pipp Mobile Storage Systems, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2021, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Terence J. Linn
Terence J. Linn