IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Pipp Mobile Storage Systems, Inc. | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No.: 1:21-cv-2104 |
| | ) | Judge: Sara L. Ellis |
| Innovative Growers Equipment, Inc. | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

**INNOVATIVE GROWERS EQUIPMENT, INC.'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Innovative Growers Equipment, Inc. ("IGE") submits this Notice of Supplemental Authority in support of IGE's Partial Motion to Dismiss. Dkt. 16-17. In support of this Notice, IGE states as follows:

On September 1, 2021, the Court of Appeals for the Federal Circuit issued a precedential opinion in *Lubby Holdings, LLC, et al. v. Chung*, 2019-2286 which, among other things, reversed and remanded a judgment in favor of a patentee for damages from before the date of actual notice of infringement under 35 U.S.C. § 287. In particular, the Federal Circuit found that certain pre-patent issuance activity was insufficient to constitute actual notice under 35 U.S.C. § 287. A copy of the Federal Circuit's decision is attached as Exhibit A.

Like the present case, the patentee plaintiff in *Lubby Holdings* tried to rely on pre-patent issuance activities to justify compliance with 35 U.S.C. § 287(a). *Id.* at *8. In particular, the patent plaintiff argued that it satisfied this statutory obligation because:

> "… its witnesses testified that, **before the patent issued**, (a) Mr. Chung 'signed nondisclosure agreements of July and October 2015,' (b) 'the agreements pertained to the underlying technology in Lubby's December 2014 **patent *application***,'…"

*Id.* at *9 (internal citations omitted) (emphases added).The Federal Circuit disagreed and held that: "The cited testimony and evidence do not show that Lubby… provided Mr. Chung '[an] affirmative communication of a *specific* charge of infringement by a specific accused product or device." *Id.* (internal citations omitted). Thus, the "district court erred in not entering a judgment as a matter of law that [the defendant] was not liable for damages prior to the filing of the lawsuit." *Id.*

Like *Lubby Holdings*, the pre-patent issuance allegations in Pipp Mobile Storage Systems, Inc.'s (Pipp") complaint are similarly deficient for meeting the § 287 threshold. Specifically, Pipp points to a letter regarding the underlying technology in the patent ***application*** from before the patent issued. Dkt. 1 at ¶ 16. And Pipp argues in its opposition that IGE had actual knowledge of the patent ***application***. Dkt. 22 at p. 8. But even accepting those allegations and arguments as true, as the Federal Circuit held *in Lubby Holdings*, they are insufficient to establish actual notice by Pipp under section 287(a) as a matter of law.

For all the foregoing reasons, the Court should follow the *Lubby Holdings'* well-reasoned decision and grant IGE's Partial Motion to Dismiss.

Dated: September 3, 2021

                Respectfully submitted,

                **INNOVATIVE GROWERS EQUIPMENT, INC.**

            By:    /s/ Brian R. Michalek
                    One of Its Attorneys

Brian R. Michalek (Brian.Michalek@saul.com)
Casey T. Grabenstein (Casey.Grabenstein@saul.com)
SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7100

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel of record via ECF on September 3, 2021.

                                                    /s/ Brian R. Michalek