UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIPP MOBILE STORAGE SYSTEMS, INC., | ) |
| Plaintiff, | ) |
| | ) No. 21 C 2104 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| INNOVATIVE GROWERS EQUIPMENT, INC., | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Pipp Mobile Storage Systems, Inc. ("Pipp") manufactures and sells air flow systems for use in indoor horticulture. Pipp alleges that Innovative Growers Equipment, Inc. ("IGE") infringes U.S. Patent No. 10,806,099 (the "'099 Patent") through the sale of certain air flow systems, bringing one claim of patent infringement under 35 U.S.C. § 271. IGE has moved to dismiss Pipp's claim for damages prior to March 9, 2021 pursuant to Federal Rule of Civil Procedure 12(b)(6) and 35 U.S.C. § 287. Because Pipp has failed to sufficiently allege actual notice of infringement under 35 U.S.C. § 287 prior to March 9, 2021, the Court grants IGE's motion in part and denies it in part. The Court dismisses Pipp's claim for damages from the date of the '099 Patent's issuance, October 20, 2020, through the date of actual notice, March 9, 2021.

**BACKGROUND**[1]

Pipp acquired its air flow system business from its predecessor in interest, Vertical Air Solutions LLC ("VAS"). On August 24, 2018, VAS filed a patent application for an air flow system invention. On February 28, 2019, the United States Patent and Trademark Office

---

[1] The Court takes the facts in the background section from Pipp's complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving IGE's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

("USPTO") published the application as a Patent Application Publication entitled "System and Method for Providing Carbon Dioxide and Circulating Air for a Vertical Gardening System." Doc. 1-2 at 2. On December 6, 2019, VAS' counsel sent a letter to IGE informing it that VAS had filed patent applications for certain air circulation systems, asserting that IGE "employ[ed] technology which is similar to the technology covered" in the patent applications, and asking IGE to "cease[] any manufacture, use, offer for sale, or sale of any product which may incorporate VAS technology." Doc. 1-9 at 2. On December 23, 2019, IGE's counsel responded to VAS' letter, stating that "VAS's Applications are currently unenforceable patent *applications* to which there can be no infringement" and noting that "VAS already made substantial amendments resulting in markedly different legal claim scope than the published [application] claims." Doc. 1-10 at 3. About ten months later, on October 20, 2020, the USPTO issued the '099 Patent to VAS. Over four months later, on March 9, 2021, Pipp's counsel sent a letter to IGE's counsel informing it of the '099 Patent's issuance, asserting that "IGE's Innovative Airflow Systems directly infringe numerous claims of the '099 patent," and demanding that IGE "cease and desist from further sales of its infringing flow distribution assemblies." Doc. 1-11 at 2–4. Pipp filed this suit on April 19, 2021, alleging IGE continued to infringe on the '099 Patent and seeking damages and injunctive relief as a result. The '099 Patent remains valid and unexpired.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in

the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

IGE moves to dismiss Pipp's claim for damages prior to March 9, 2021, the date that Pipp's counsel sent IGE's counsel a letter concerning the patent's issuance. Under § 287(a) of the Patent Act, if a patentee fails to sufficiently mark their product, then "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a). Pipp does not allege or contend that it marked its air flow systems. Thus, to claim damages in this infringement action, Pipp must allege it provided actual notice of infringement to IGE. IGE concedes that Pipp's March 9, 2021 letter constitutes sufficient notice. However, it argues that Pipp fails to sufficiently plead notice prior to that and therefore, the Court should dismiss any claim for damages prior to March 9, 2021.

I.  **Appropriateness of 12(b)(6) Motion**

Pipp first asserts that the sufficiency of notice is a question of fact that the Court cannot decide on a Rule 12(b)(6) motion. The Supreme Court and Federal Circuit have stated that patentees bear the burden of pleading and proving actual notice to the infringer. *See Dunlap v.*

3

*Schofield*, 152 U.S. 244, 248 (1894) ("[T]he duty of alleging and the burden of proving either [marking or notice] is upon the plaintiff."); *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." (citing *Dunlap*, 152 U.S. at 248)); *Sentry Prot. Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005) ("More relevant to the present case is the Supreme Court's statement, in reference to both actual notice and marking, that 'the duty of alleging and the burden of proving either of these facts is upon the plaintiff.'" (citing *Dunlap*, 152 U.S. at 248)). Therefore, while "[c]ompliance with section 287(a) is a question of fact," *Arctic Cat*, 876 F.3d at 1366, whether Pipp has sufficiently pleaded compliance with § 287 is appropriate to address on a Rule 12(b)(6) motion, *see Lans v. Digit. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (affirming Rule 12(b)(6) dismissal where patentee did not sufficiently allege compliance with § 287(a) and therefore "has not stated a claim on which relief may be granted").

Pipp points to two cases in which federal district courts have denied Rule 12(b)(6) motions to dismiss for failure to allege compliance with § 287 and in doing so have noted that § 287 is not a pleading standard, *Vaughan Co. v. Global Bio-Fuels Tech., LLC*, No. 12-CV-1292, 2012 WL 5598501, at *3 (N.D.N.Y. Nov. 15, 2012), or that "the issue of notice is a question of fact," *Loops, LLC v. Amercare Prods., Inc.*, 636 F. Supp. 2d 1128, 1133 (W.D. Wash. Nov. 13, 2008). However, since then, the Federal Circuit has again reiterated that a patentee must plead compliance with § 287(a). *Arctic Cat*, 876 F.3d at 1366. And based on the Court's review, many federal courts have also recently interpreted Federal Circuit case law to require that a patentee plead compliance with § 287. *See, e.g.*, *DivX, LLC v. Hulu, LLC*, No. LACV 21-1615, 2021 WL 4459368, at *4–6 (C.D. Cal. June 11, 2021) (holding that "a patentee must plead

4

compliance with 35 U.S.C. § 287(a) to properly plead pre-suit patent infringement damages"); *PLC Trenching Co. v. IM Servs. Grp., LLC*, No. 20-cv-00602, 2021 WL 3234590, at *9–10 (D. Idaho July 29, 2021) (granting Rule 12(b)(6) motion to dismiss pre-suit damages because the complaint "contain[ed] no allegation that [patentee] marked its devices or otherwise provided [infringer] with actual notice of infringement prior to this lawsuit being filed"); *Sunless, Inc. v. Selby Holdings, LLC*, No. 20-cv-00930, 2021 WL 3513871, at *4–5 (M.D. Tenn. Aug. 10, 2021) (finding patentee "failed to plead facts establishing that it complied with the patent marking statute"); *Express Mobile, Inc. v. DreamHost LLC*, Nos. 18-cv-01173, 18-cv-01775, 2019 WL 2514418, at *2 (D. Del. June 18, 2019) ("A claim for past damages requires pleading compliance with the marking statute."). Therefore, the Court does not find the courts' analysis in *Vaughan* and *Loops* persuasive.

     Pipp further argues that in the cases IGE cites in support of its motion, "the complaint was silent as to notice" and therefore, the courts "did not have to assess the merits of the allegations." Doc. 22 at 10. Pipp asserts that because its complaint does allege notice, the Court cannot dismiss it at this stage. However, IGE does not seek to dismiss the entire complaint or even Pipp's entire claim for damages. Instead, it seeks to dismiss Pipp's claim for damages prior to March 9, 2021. As explained above, the Court can assess the sufficiency of the complaint's allegations of notice prior to that date on IGE's Rule 12(b)(6) motion. Pipp also argues that because IGE's motion does not seek to dismiss all damages, the Court should not address the issue on a Rule 12(b)(6) motion. However, if the plaintiff fails to sufficiently allege a claim for certain damages, the Court finds it appropriate to dismiss such a claim on a Rule 12(b)(6) motion. *See Sunless*, 2021 WL 3513871, at *4 ("[A] Rule 12(b)(6) motion is an appropriate mechanism to request the dismissal of a request for past damages based on the defendant's

5

noncompliance with the marking statute."); *DivX*, 2021 WL 4459368, at *3–5 (rejecting argument that "the scope of pre-suit damages is not a claim; it is merely part of an available remedy" and noting "the Federal Circuit has approved addressing § 287(a) deficiencies in a motion to dismiss").

## II.     Sufficiency of Notice Allegations

Pipp next argues that it sufficiently alleged notice in the December 6, 2019 letter to IGE. However, IGE argues that the December 2019 letter only provides notice of the pending patent application, which does not suffice to provide actual notice of infringement under § 287(a). "[T]he actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) (citation omitted). The December 2019 letter did not inform IGE of the identity of the patent; it informed IGE of the identity of the patent application, as the patent had not yet issued.

While notification of a patent application is relevant to a patentee's rights before a patent issues under 35 U.S.C. § 154(d), *see Rosebud LMS Inc. v. Adobe Sys. Inc.*, 812 F.3d 1070, 1073 (Fed. Cir. 2016) ("[Section] 154(d) provides for damages that take place before a patent issues if the infringer 'had actual notice of the published patent application.'" (quoting 35 U.S.C. § 154(d)), it is not relevant to a patentee's ability to recover infringement damages after the patent's issuance under 35 U.S.C. § 287(a), *see id.* (stating that "[g]enerally, patent owners may only collect damages for patent infringement that takes place during the term of the patent" and noting that "[§] 154(d) is a narrow exception to that rule"); *cf. Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 900 (N.D. Ill. 2005) ("Because the asserted patents did not exist at the time

of [the alleged notice], it is impossible for that [notice] to communicate the specific charge of infringement required by the Federal Circuit.").[2] Therefore, the December 2019 letter does not sufficiently allege that Pipp provided actual notice of infringement to IGE under § 287(a). *See Lubby*, 11 F.4th at 1360–61 (finding that infringer's knowledge of the patent application and the patent was insufficient to establish actual notice under § 287(a)); *Civix-DDI*, 387 F. Supp. 2d at 900–01 (finding a letter which "did not identify any of the patents in suit" because the patents had not yet issued did not constitute actual notice under § 287(a)). After the '099 Patent's issuance, the complaint does not allege that Pipp provided actual notice of infringement to IGE under § 287(a) until its March 9, 2021 letter.

Pipp relies on *K-Tec, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364 (Fed. Cir. 2012), in asserting that the complaint sufficiently pleads notice as of the issuance of the '099 Patent because IGE knew of the patent application for the '099 Patent. In *K-Tec*, the Federal Circuit found that because the infringer had sufficient notice that its product infringed the patent-in-suit's parent patent, evidence that the infringer also had notice that a related product infringed the patent-in-suit sufficed to show actual notice under § 287(a) at the time of the patent-in-suit's issuance. *Id.* at 1379. The Federal Circuit reasoned that "[i]f a patentee's initial notice is sufficiently specific to accuse one product of infringement, 'ensuing discovery of other models and related products may bring those products within the scope of the notice.'" *Id.* (citation omitted). Unlike in *K-Tec*, however, no prior patents or related products are at issue here. Therefore, the Federal Circuit's analysis in *K-Tec* does not apply.

Finally, Pipp appears to assert that discovery regarding "when IGE itself learned of the patent in suit" will help to establish actual notice of infringement because IGE knew of the patent

---

[2] Because the parties do not address pre-issuance damages under 35 U.S.C. § 154(d), the Court does not decide whether the complaint sufficiently alleges damages prior to the '099 Patent's issuance.

7

application. Doc. 22 at 13. However, the infringer's knowledge of the patent is irrelevant to whether the patentee provided actual notice under § 287(a) and thus, any such discovery has no relevance to Pipp's claim for damages under § 287(a). *See Lubby*, 11 F.4th at 1360 ("It is irrelevant [under § 287] . . . whether the defendant knew of the patent or knew of his own infringement. The correct approach to determining notice under [§] 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." (alterations in original) (citation omitted)). Thus, the Court dismisses without prejudice Pipp's claim for damages from the date of the '099 Patent's issuance, October 20, 2020, through the date of Pipp's actual notice of infringement to IGE, March 9, 2021. To the extent IGE seeks to dismiss Pipp's claim for damages prior to the '099 Patent's issuance for failure to plead compliance with § 287(a), the Court denies the motion because the appropriate statute under which to assess pre-issuance damages is 35 U.S.C. § 154(d).

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part IGE's motion to dismiss [16]. The Court dismisses without prejudice Pipp's claim for damages from October 20, 2020 through March 9, 2021.

Dated: January 18, 2022

_____
SARA L. ELLIS
United States District Judge