IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pipp Mobile Storage Systems, Inc. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:21-cv-2104 |
| v. ) | Judge: Sara L. Ellis |
| ) | |
| Innovative Growers Equipment, Inc. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT INNOVATIVE GROWERS EQUIPMENT, INC.'S REPLY IN SUPPORT OF ITS MOTION TO AMEND FINAL INVALIDITY CONTENTIONS**

Plaintiff, Pipp Mobile Storage Systems, Inc. ("Pipp") opposes the motion by Innovative Growers Equipment, Inc. ("IGE") for leave to amend its final invalidity contentions. Pipp argues that IGE's amended contentions would be estopped after a final decision in a pending *inter partes* review ("IPR") proceeding recently instituted by the United States Patent and Trademark Office. Pipp further argues without support that it would be unfairly prejudiced by the amendments.

The fact of the matter is that the Court construed various claim terms at issue in this case in a manner not proposed by IGE, and therefore, amendments to the contentions based on the Court's claim construction are warranted. Pipp's arguments regarding estoppel have no logical bearing on whether IGE should be permitted to amend its invalidity contentions in view of the fact that the Court's claim constructions are different than IGE proposed. Instead, this fact would logically weigh in favor of a stay in this case. Pipp further fails to demonstrate any unfair prejudice, and cannot deny that it has been well aware of all of the prior art identified in the amended invalidity contentions for months, if not years. Moreover, it is very early on in expert discovery, and Pipp's expert would have ample time to respond to the amended invalidity contentions, especially in this case involving fairly simple technology.

1

This Court's local patent rules contemplate a situation such as found here where a party's infringement or invalidity contentions are affected by the Court's claim construction determinations that vary from the constructions that the party assumed for its initial contentions. See Local Patent Rule 3.4 ("A party may amend its … Final Non-infringement, Unenforceability and Invalidity Contentions … only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment. Indeed, the rule itself explains that an example of a circumstance that may support a finding of good cause, absent undue prejudice to the non-moving party, is a claim construction by the Court different from that proposed by the party seeking amendment."[1]

Pipp devotes much of its opposition to the irrelevant argument that IGE's amendments would be estopped by a final written decision in the co-pending IPR between the parties. On October 27, 2022, the Patent Trial and Appeal Board instituted the IPR finding a reasonable likelihood that at least one of the challenged claims, which are the same as Asserted Claims here, will be found to be unpatentable. While a final decision, if reached by the PTAB, will preclude prior art based arguments that IGE raised or could have raised, this has no bearing on whether IGE should be permitted to amend its invalidity contentions. While it may support staying the district court litigation to conserve the parties' and judiciaries resources, at present the IPR and the district court litigation are slated to proceed in parallel.[2]

---

[1] There is no dispute that IGE promptly brought its motion by filing it within the time prescribed by this Court's rules. See LPR 3.4 ("a motion to amend final contentions due to a claim construction ruling shall be filed, with proposed amendments(s), within fourteen (14) days of the entry of such ruling.

[2] See, Dkt. 101-1 at 7.

Pipp does not contest that the Court's construction of "rack" in claim 25 is different from what was proposed by IGE. As such, IGE seeks to amend its invalidity contentions as they relate to claim 25, and the claims depending therefrom. For example, IGE previously contended that the Takashima reference expressly disclosed each and every limitation of claim 25, and therefore anticipated claim 25. Takashima, however, does not expressly disclose a rack as construed by this Court. Also, other prior art of which Pipp has been aware for years, e.g., Ellestad (cited during prosecution of the '099 Patent) discloses a rack as construed by this Court. Accordingly, IGE seeks to amend its invalidity contentions as necessitated by the Court's construction.

Pipp also disingenuously argues that IGE never proposed a construction for "a fan fluidly coupled to the housing." Dkt. 98 at 4. IGE contended that the claim phrase "a fan fluidly coupled to the housing and extending away from the rack" was indefinite, i.e., its scope was not informed with reasonable certainty. The Court disagreed and construed the claim phrase. That the Court construed the claim phrase at all means its construction was different than what was proposed by IGE, namely, that the scope of the claim phrase would not be discerned. Based on the Court's claim construction, IGE seeks to withdraw its enablement contentions, and supplement its written description contentions related to this limitation. Moreover, Pipp's estoppel arguments are further irrelevant to IGE's proposed § 112 amendments since § 112 invalidity grounds are not available in an IPR. 37 C.F.R. § 42.104(b)(2).

Pipp makes the curious argument that IGE's motion somehow relates to gaining a deposition of Pipp's expert in addition to the deposition IGE will have of Pipp's expert in the IPR. Expert discovery in this case is pending. IGE has not yet served its expert report on invalidity. After it does, Pipp will presumably serve its expert's rebuttal report several weeks later. After this exchange, IGE will have the opportunity to depose Pipp's expert. Separate and apart from this,

IGE will have the opportunity to depose Pipp's expert after the filing of Pipp's expert's declaration in opposition to the IPR. Thus, Pipp's argument makes no sense. In any event, it would not unfairly prejudice Pipp to have its expert be deposed in different proceedings. This also provides no reason to deny IGE the opportunity to amend its invalidity contentions. Again, if anything, it supports a stay of this litigation pending the outcome of the IPR.

Pipp also argues without any basis in fact that it would not have time to review the prior art during expert discovery. Expert discovery is just beginning. IGE has not even served Pipp with its expert's invalidity report, and yet, Pipp already has the amended invalidity contentions. After IGE's expert report is served on November 14, 2022. Pipp would then have until December 23, 2022 to prepare and serve its expert's rebuttal report. Pipp cannot even deny that it has been fully aware of each of the prior art references included in the proposed amendments for months, if not years. Also, this Court's observation in *Medline Indus., Inc. v. CR Bard, Inc.*, 511 F.Supp.3d 883, 889-90 (N.D.Ill. 2021) that the six weeks between receiving an opening an expert report and the due date for a rebuttal report, even where an invalidity theory was identified for the first time, would dispel any prejudice is particularly apropos. Id. ("The Court begins with some initial observations that inform its analysis. Medline's expert had six weeks to draft and serve a report in response to Bard's opening expert report on invalidity; similarly, Bard's expert had six weeks to draft and serve a report in response to Medline's opening expert report on infringement. To the extent either opening expert report disclosed a particular infringement or invalidity theory for the first time, the Court questions whether the parties' experts could have used this time to adequately respond to the new theory in their rebuttal expert reports, thereby dispelling any prejudice that may have accompanied the new disclosure."). Indeed, the purported prejudice to Pipp in the present case with a single patent on a basic mechanical device is even more illusory than in *Medline*, which

4

involved three medical device patents related to trays and kits used for catheterization. *Id*. at 887. In summary, Pipp simply fails to explain why any prejudice IGE's amendments supposedly creates would be unfair.

Accordingly, IGE respectfully requests that this Court enter an order granting the Defendant leave to amend its final invalidity contentions.

Dated: November 7, 2022

        Respectfully submitted,

        **INNOVATIVE GROWERS EQUIPMENT, INC.**

        By:   */s/ Joseph M. Kuo*
            Brian R. Michalek (Brian.Michalek@saul.com)
            Casey T. Grabenstein (Casey.Grabenstein@saul.com)
            Joseph M. Kuo (joseph.kuo@saul.com)
            SAUL EWING ARNSTEIN & LEHR LLP
            161 North Clark Street, Suite 4200
            Chicago, Illinois 60601
            (312) 876-7100

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on counsel for Pipp Mobile Storage Systems, Inc. via ECF filing system on November 7, 2022.

/s/ Joseph M. Kuo